UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT SALAS DE'ANDA,<br><br>　　　　　Defendant. | CASE NO. CR17-5222 BHS<br><br>ORDER DENYING DEFENDANT'S PRO SE MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Robert Salas De'Anda's pro se motion for compassionate release. Dkt. 87. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

In June 2017, De'Anda was indicted for Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 18 U.S.C. § 2. Dkt. 8. De'Anda then entered a guilty plea to the lesser-included offense of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Dkt. 18, but before the Court held the sentencing

hearing, De'Anda made an oral request to continue sentencing to allow time to undergo a presentence mental health evaluation, Dkt. 40. The Court granted the request and ordered the Bureau of Prisons ("BOP") to complete such an evaluation. Dkt. 42. BOP completed its evaluation and provided the Court with a report that it found no issues on September 4, 2018. Ex Parte Sealed Dkt. 55. Then, on November 8, 2018, De'Anda moved to withdraw his plea of guilty. Ex Parte Sealed Dkt. 59. The Court granted the motion. Dkt. 67.

On February 5, 2019, De'Anda again entered into a plea agreement with the Government and pleaded guilty to the same charge. Dkt. 77. On March 18, 2019, De'Anda was sentenced to 84 months imprisonment and 4 years supervised release. Dkts. 84, 85. De'Anda is currently housed at the United States Penitentiary, Coleman in Wildwood, Florida ("USP Coleman II") and is scheduled to be released on October 29, 2023.

On April 12, 2021, De'Anda filed a pro se motion for compassionate release. Dkt. 87. On May 3, 2021, the Government responded, Dkt. 93, and filed a motion to seal, Dkt. 94.[1] De'Anda did not reply.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court

---

[1] The Government asserts that Exhibit B filed in support of its response should be placed under seal because it contains personal information. The Court agrees and therefore **GRANTS** the motion.

except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

1. **Exhaustion Requirement**

As a preliminary matter, De'Anda bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate release motion. *See United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D.

Wash. May 7, 2020) (collecting cases). In his pro se motion, De'Anda states that he wrote to the warden at the United States Penitentiary, Big Sandy ("USP Big Sandy"), where he was formerly housed. Dkt. 87 at 1. He also attaches a copy of his letter, dated March 22, 2021. *Id.* at 2.

The Government asserts, relying on De'Anda's BOP medical records, that De'Anda was housed at USP Big Sandy between August 2020 and at least March 18, 2021. Dkt. 93 at 7. Since at least April 6, 2021 he has not been at USP Big Sandy, and the BOP website confirms that De'Anda is currently housed at USP Coleman II. *Id.* Most importantly, BOP has no record of his request purportedly made to the USP Big Sandy warden. *Id.*

De'Anda has not met his burden showing that he exhausted his administrative rights with the BOP. "The First Step Act, in clear language, specifies what a defendant must do before she files a motion for compassionate release in federal court. Specifically a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court is bound by the plain language of the statute, and a showing of exhaustion—not just an attempt at exhaustion—must be made. D'Anda has not met his burden, and, therefore, his motion is denied without prejudice.[2] *United States*

---

[2] Though the Court does not reach the merits of the motion, the Court notes that De'Anda has been fully vaccinated against COVID-19, having received his second dose of the Pfizer-BioNTech vaccine on February 10, 2021. While being fully vaccinated is not conclusive on a motion for compassionate release, it is consistent with this Court's precedent to find that absent a *specific* showing that the defendant themselves remains susceptible to infection, vaccination cuts

*v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (affirming the district court's dismissal without prejudice).

### III.  ORDER

Therefore, it is hereby **ORDERED** that De'Anda's motion for compassionate release, Dkt. 87, is **DENIED without prejudice** and that the Government's motion to seal, Dkt. 94, is **GRANTED**.

Dated this 11th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

against a finding of extraordinary and compelling reasons. *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).